UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SAGE POPOVICH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2-08-CV-246 |
| | ) | |
| vs. | ) | |
| | ) | |
| COLT INTERNATIONAL, INC., | ) | |
| COLT INTERNATIONAL, L.L.C. and | ) | |
| AMERICAN EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT COLT INTERNATIONAL, L.L.C.'S
MOTION TO STAY LITIGATION AND TO COMPEL ARBITRATION**

Plaintiff Sage Popovich, Inc. ("Sage") and defendant Colt International, L.L.C. ("Colt") executed an account agreement ("Agreement") expressly requiring the parties to arbitrate <u>any</u> disputes that arise under or relate to the Agreement.  The claims Sage asserts against Colt are within the scope of that contractual obligation.  Accordingly, this Court should stay this action and order Sage's claims to arbitration.

**BACKGROUND AND LEGAL ANALYSIS**

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA"), governs the enforceability of the arbitration clause contained within the General Terms and Conditions appended to the Agreement.  The FAA applies to all contracts evidencing a transaction involving commerce.  Written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA "manifests a 'liberal federal policy favoring arbitration

agreements'." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) (citing *Moses Cone*

*Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

> The arbitration provision governing the parties' Agreement states as follows:

> 15. <u>Arbitration/Governing Law</u>.  Any and all disputes, controversies, or claims arising out of or relating to Customer's purchase of Jet Fuel or Flight Services, Including without limitation, claims based on contract, tort, or statute, shall be determined by arbitration in Houston, Harris County, Texas before a panel of three arbitrators.  In rendering the award, the arbitrators will determine the rights and obligations of the parties in accordance with the substantive law of Texas as though acting as a court in a civil action in Texas.  These proceedings shall otherwise be governed by the provisions of the Federal Arbitration Act. Either party, as the demanding part, may initiate arbitration by giving the other party a written demand for arbitration (the "Demand").  The Demand shall contain a statement of the demanding party's position as to the matters in dispute, the amount of the claim, and the remedy sought.  The other party, as the responding party, shall file a response (the "Response") within ten days from his receipt of the Demand ...

See Motion, <u>Exhibit A</u>.[1]

> An agreement to arbitrate disputes is treated like any other contract, and is

analyzed under applicable state contract law, which here is Texas law.  *James v. McDonald's*

*Corp.*, 417 F.3d 672, 676-77 (7th Cir. 2005); *Kovelskie v. SBC Capital Markets, Inc.*, 167

F.3d 361, 366 (7th Cir. 1999).  In Texas,

> A party seeking to compel arbitration must present sufficient evidence to establish its right to arbitrate under the FAA.  If it does, and the opposing party does not defeat that right, the trial court must compel arbitration.  Because state and federal policies continue to favor arbitration, there is a presumption favoring agreements to arbitrate under the FAA.

---

[1]   In its Complaint, Sage acknowledges entering into a contract with Colt and even acknowledges that the contract contains an arbitration clause.  Complaint, ¶ 8.  Sage did not, however, attach the contract to its Complaint.  For the Court's convenience, true and accurate copies of the parties' contract and accompanying terms and conditions are attached to Colt's Motion as <u>Exhibit A</u>.

BDDB01 5433953v2

*Service Corporation International, et. al. v. Lopez*, 162 S.W.3d 801, 808 (Tex. App. 2005)

(*citing Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996).

       In adjudicating motions to compel arbitration under the FAA, Texas courts first

determine if a valid agreement to arbitrate exists between the parties. *Id*. This analysis is based

on "ordinary state-law principles that govern the formation of contracts." *Id*. Texas courts then

determine whether the dispute in question falls within the scope of that arbitration agreement.

*Lopez*, 162 S.W.3d at 808.

       Sage does not deny the existence of the arbitration provision governing its

Agreement with Colt:

> Colt and Sage-Popovich entered an agreement whereby Colt's
> services would be billed by invoice for fuel and services provided
> by or arranged through Colt or its Third Party Providers. No
> provision of the agreement authorizes Colt to charge the invoices
> to Sage-Popovich's credit card accounts. The General Terms and
> Conditions of the Agreement provides that disputes arising under
> the agreement would be resolved by arbitration.

Complaint ¶ 8. As for whether a claim falls within the scope of the arbitration clause, Texas

courts look at the terms and conditions of the agreement and the factual allegations in the

complaint, but not the particular causes of action asserted. *Lopez*, 162 S.W.3d at 810.

> Generally, if the facts alleged "touch matters," have a "significant
> relationship" to, are "inextricably enmeshed" with, or are "factually
> intertwined" with the contract that is subject to the arbitration
> agreement, the claim will be arbitrable... [A] court should not deny
> a motion to compel arbitration "unless it can be said with positive
> assurance that an arbitration clause is not susceptible of an
> interpretation which would cover the dispute at issue.

*Id*. (citations omitted).

       As stated above, the General Terms and Conditions accompanying the parties'

Agreement expressly state either party must submit to arbitration regarding "<u>any</u> disputes,

controversies, or claims arising out of or relating to the Customer's purchase of Jet Fuel or Flight

-3-

Services, including without limitation, claims based on contract, tort or statute..."  Motion, Exhibit A (emphasis added).  Sage alleges Colt breached the Agreement and engaged in racketeering activity in violation of 18 U.S.C. §§ 1343 and 1962.  The factual allegations supporting both of these claims, which are based on contract and statute, sufficiently arise out of and relate to the Agreement.  *See Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 238-242 (1987) (Congress intended for RICO claims to be arbitrable); *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Industrial and Service Worker's Int'l Union*, 531 F.3d 531, 536-37 (7th Cir. 2008) (where arbitration clause does not exclude any category of disputes from the reach of the arbitration clause, all disputes arising out of or relating to the agreement are arbitrable.)

Specifically, in or around July 2007, Sage disputed several of the invoices it received from Colt for jet fuel and flight services under the Agreement and failed to pay the amounts owed.  On August 30 and September 27, 2007, Colt charged Sage's American Express ("AMEX") credit card account for the outstanding amount due and received payment.  Sage believed Colt's action in this regard was unauthorized and a violation of their Agreement.  The parties continued to quarrel for the next month and a half until Colt, on November 14, 2007, exercised its right to demand arbitration to resolve the dispute as the dispute arose out of and related to the Agreement.  Complaint ¶ 18.

In response to Colt's demand for arbitration, Sage requested the dispute to be resolved through settlement negotiations as opposed to arbitration.  *Id*.  Colt agreed stay the arbitration to give the parties more time to resolve the matter amicably.  *Id*.  However, Colt never withdrew its arbitration demand.  The parties continued to negotiate, but no resolution reached.  On August 27, 2008, Sage filed its Complaint against Colt alleging Colt breached the Agreement

-4-

and engaged in racketeering activity in violation of 18 U.S.C. §§ 1343 and 1962.  Again, these

claims are subject to the mandatory arbitration clause provided in Colt's General Terms and

Conditions.

Sage failed to comply with its contractual obligations under the Agreement when

it brought its claims to this Court as opposed to arbitrating them.  Compelling arbitration in this

matter is both appropriate and necessary:

> If any suit or proceeding be brought in any of the courts of the
> United States upon any issue referable to arbitration under an
> agreement in writing for such arbitration, the Court in which such
> suit is pending, upon being satisfied that the issue involved in such
> suit or proceeding is referable to arbitration under such an
> agreement, shall on application of one of the parties stay the trial
> of the action until such arbitration has been had in accordance with
> the terms of the agreement, providing the applicant for the stay is
> not in default in proceeding with such arbitration.

9 U.S.C. § 3.  Accordingly, the Court should stay this action pending the completion of the

parties' arbitration of Sage's claims.

## CONCLUSION

Pursuant to Texas law and the FAA, Colt respectfully requests the Court to stay

all proceedings and to compel arbitration.

Respectfully submitted,


By:   s/Cara R. Brook
      Cara R. Brook


Robert D. Moreland (#14310-02)
BAKER & DANIELS LLP
Suite 800
111 East Wayne Street
Fort Wayne, Indiana  46802
Telephone:  260-424-8000
Facsimile:   260-460-1700

BDDB01 5433953v2

-6-

Cara R. Brook (#24813-71)
BAKER & DANIELS LLP
202 South Michigan Street
Suite 1400
South Bend, Indiana 46601
Telephone:  574-234-4149
Facsimile:   574-239-1900

*Attorneys for Defendants,*
*Colt International, L.L.C.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of October, 2008, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

Garrett V. Conover
4 Locust Place
Ogden Dunes, IN  46368
GarrettConover-Law@comcast.net

The undersigned further certifies that a copy of the foregoing document was mailed by regular United States Postal Service to the following non-CM/ECF participants:

American Express Corporation
200 Vesey St.
New York, NY  10285

_____s/Cara R. Brook_____

BDDB01 5433953v2